

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

April 13, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Cordova Garcia v. Maldonado Jr. et. al*., No. 26-cv-2102 (Bulsara, J.)

Dear Judge Bulsara:

This Office represents Respondents in the above-captioned action, in which Petitioner Cordova Garcia ("Petitioner"), a foreign national from Guatemala present in the United States without being admitted or paroled, filed a petition for a writ of habeas corpus on April 9, 2026, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. # 1 ("Petition"). Petitioner principally seeks an order from this Court directing Immigration and Customs Enforcement ("ICE") to immediately release him from detention alleging that his detention violates his due process rights because he is subject to 8 U.S.C. § 1226, not 8 U.S.C. § 1225. *Id.*

Respondents respectfully submit this letter in accordance with Your Honor's Order dated April 10, 2026, requiring Respondents to "inform the Court of Petitioner's current location, and [to] include information about any other locations where Petitioner has been held and the dates of any transfers since his initial detention," and to respond to the Petition.

**Detention Background**

Petitioner is a foreign national from Guatemala, who entered the United States at an unknown date and location. Declaration of David Rodriguez (Decl.), ¶¶ 1, 2, 4; *see* Decl. Ex. C. On September 10, 2012, Petitioner was arrested for unlawful surveillance in the second degree -- use imaging for no legitimate purpose, under N.Y. Penal Law § 250.45(03A), a Class E Felony. Decl. ¶ 3; Ex. A. He pleaded guilty to that charge on October 5, 2022. *Id.* Petitioner was sentenced to a term of 5 months incarceration, and 5 years of probation. *Id.*

On February 18, 2026, at approximately 11:15 AM, ICE Long Island Fugitive Operations, with assistance from Customs and Borders Protection ("CBP") and Homeland Security Investigations ("HSI"), ran the license plate of a vehicle owned by Petitioner. Decl. ¶ 4, Decl. Ex. C. Officers conducted a vehicle stop, identified themselves as ICE and asked Petitioner for

identification. *Id.* Petitioner provided officers with a New York State Driver's License. *Id.* Officers positively identified Petitioner, stated he was under arrest due to being illegally present in the United States, placed him under arrest pursuant to an I-200 Warrant of Arrest, and transported him to the Nassau County ICE processing facility located at 100 Carman Ave., East Meadow, New York for processing. *Id.*

After arriving at the processing facility at approximately 12:50 PM on the same day, Petitioner was processed and served with the I-200 at approximately 3:35 PM. Decl. ¶ 5. Immediately thereafter, Petitioner was issued and served with a Notice to Appear ("NTA") charging him as inadmissible under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. Decl. ¶ 5, Decl. Ex. D. On the same day, at approximately 6:38 PM, Petitioner's NTA was filed with the Immigration Court, thereby commencing removal proceedings against Petitioner. Decl. ¶ 6. Later that same evening, Petitioner was transported to Nassau University Medical Center for a medical evaluation and remained there from approximately 10:50 PM until 12:05 AM the next morning, February 19, 2026. Decl. ¶ 7, Decl., *see* Ex. D. During that time, Petitioner was evaluated by hospital staff and a practitioner found Petitioner psychiatrically fit for confinement. *Id.*

From February 19 to March 6, 2026, Petitioner was detained at Delaney Hall Detention Facility. On March 6, 2026, Petitioner was transferred to the Metropolitan Detention Center, in Brooklyn, New York. which is where he is currently detained under 8 U.S.C. § 1225(b)(2)(A). Decl. ¶ 8.

On March 12, 2026, the Department of Homeland Security submitted evidence to the Immigration Court to sustain the charges on Petitioner's NTA. Decl. ¶ 9. On March 17, 2026, Petitioner had his first master calendar hearing. The case was reset for March 31, 2026 for him to find an attorney. Decl. ¶ 10. On March 30, 2026, Petitioner's counsel filed an appearance. Decl. ¶ 11. On March 31, 2026, Petitioner had his second master calendar hearing and appeared with an attorney. Decl. ¶ 12. The case was reset for April 14, 2026, for pleadings and to give Petitioner's attorney time to prepare. *Id.*

**Discussion Regarding the Merits of the Petition**

The statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). The legal issues presented in the Petition concern whether Petitioner's detention violates his due process protections, and the statutory authority for ICE's detention of Petitioner. Petitioner principally seeks an order from this Court directing ICE to release him from detention. While reserving all rights, including the right to appeal, Respondents submit this letter in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case, in light of this Court's decision on the principal legal issues in *Bonilla-Romero v. Bondi, et al.*, 26-cv-0796, Memorandum and Order entered February 13, 2026, and other matters, including, but not limited to, *Parada Cruz v. Noem, et al.*, No. 26-cv-1110, Memorandum and Order entered February 27, 2026; *Magana v. Joyce, et. al*, No. 26-cv-835, Memorandum and Order entered February 13, 2026; *Sandoval v. LaRocco, et al.*, No. 26-cv-00832, Memorandum and Order entered February 13, 2026; *Rivera Orellana v. Noem, et al.*, No.

26-cv-0574, Memorandum and Order entered February 3, 2026; *Romero v. Bondi, et.al.* 26-796 on February 13, 2026; *Sandoval v. LaRocco, et al.,* No. 26-cv-00832 on February 13, 2026; *Magana v. Joyce, et.al.* No. 26-cv-835 on February 13, 2026; *Antonio Benitez v. Genalo, et al.,* No. 26-cv-1122 on February 27, 2026; *Omar Abreu v. Genalo, et al.,* No. 26-cv-1181on March 4, 2026; *Andrade Escobar v. Mullin, et. al.*, No. 26-cv-1661 on March 20, 2026; and *Garcia Xicay v. Leeper, et al.,* No. 26-cv-1833 on March 30, 2026. Respondents acknowledge that, should the Court follow its prior precedent here, they cannot prevail in this action.

However, Respondents respectfully note that on February 6, 2026, the Court of Appeals for the Fifth Circuit, while not binding on this Court, held that the government's interpretation of 8 U.S.C. § 1225 was correct. *Buenrostro-Mendez v. Bondi*, 166 F. 4th 494 (5th Cir. 2026). Further, on March 25, 2026, the Eighth Circuit Court of Appeals became the second U.S. Court of Appeals to hold that the government's interpretation of 8 U.S.C. § 1225, which mandates detention of non-citizens falling under its scope, is correct. *See Joaquin Herrera Avila v. Bondi et al.*, No. 25-cv-3248, 2026 WL 819258, *4 (8th Cir. Mar. 25, 2026) ("While ultimately 'Congress's purpose matters far less than what it wrote,' the purpose here nevertheless 'confirms what the statutory text already makes clear,' which is that § 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States.") (quoting *Buenrostro-Mendez,* 166 F.4th at 508). Federal Respondents further note that, in addition to *Saamishvili*, a number of decisions in this Circuit have endorsed the Government's interpretation of the relevant statutory provisions and have ruled in the government's favor on this issue. *See Alvarado Quezada v. Francis,* No. 26-cv-387, 2026 WL 380711, at *4 (S.D.N.Y. Feb. 11, 2026) (Cronan, J.)*; Arana v. Arteta*, 26-cv-240, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2 (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.); *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), notice of appeal filed Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), notice of appeal filed Jan. 15, 2026. In addition, the Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). Oral argument in the *Cunha* appeal occurred on April 6, 2026.

Accordingly, for the reasons set forth above, the government respectfully submits that there is no need for a hearing and the petition may be decided on submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:  */s/ Arthur Swerdloff*
Arthur Swerdloff
Assistant U.S. Attorney
(718) 254-7584
arthur.swerdloff@usdoj.gov

cc:  (by ECF)
Jessica Giambrone Palmese
Epstein Becker & Green, P.C.

4