UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ESAUL CORDOVA GARCIA,

                Petitioner,

      v.

RAUL MALDONADO JR. et al.,

                Respondents.
-----------------------------------------------------------------X

**ORDER**
26-CV-2102-SJB

**BULSARA, United States District Judge:**

Petitioner Esaul Cordova Garcia ("Petitioner"), who has lived in the United States for 15 years, was arrested on February 18, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers. (Pet. for Writ of Habeas Corpus filed Apr. 9, 2026 ("Pet."), Dkt. No. 1 ¶¶ 23–24; Resp'ts' Letter filed Apr. 13, 2026 ("Resp'ts' Letter"), Dkt. No. 9 at 1–2). The Petition alleges, and the Government's response does not appear to dispute, that Petitioner was placed into removal proceedings after he was arrested. (Pet. ¶ 25; Resp'ts' Letter at 2). Though neither party specifically draws the Court's attention to these facts, documents submitted by Respondents also state that Petitioner filed two applications with USCIS in 2022, a Form I-360 and Form I-485, that remain pending. (Form I-213; attached to Decl. of David Rodriguez as Ex. C, Dkt. No. 9-1 at 15). He has been detained at the Metropolitan Detention Center in Brooklyn since March 6, 2026. (Resp'ts' Letter at 2). For the reasons explained below, the writ is provisionally granted.

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 2), despite

the fact that Petitioner has been in the United States for 15 years, (Pet. ¶ 23). The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is seeking admission to the United States, (Resp'ts' Letter at 2 (citing 8 U.S.C. § 1225(b)(2)(A))), notwithstanding that they have been living here for months, if not years. The vast majority of courts in this District have rejected this argument. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225. In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The

2

challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

As noted, the Government's response states that ICE issued Petitioner a Notice to Appear ("NTA"), placing him into removal proceedings, after they arrested Petitioner, and after they issued and served him with an I-200 arrest warrant.[1] (Resp'ts' Letter at 2; Decl. of David Rodriguez ("Rodriguez Decl."), attached to Resp'ts' Letter, Dkt. No. 9-1 ¶¶ 4–6). The Court notes that the post-arrest issuance of an NTA may raise an independent basis for granting the writ, but does not reach the issue here. *See Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025).[2]

Respondents submit that the Court can decide this matter on the submissions. (Resp'ts' Letter at 4). The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225

---

[1] In addition, although whether the arrest warrant was issued before Petitioner's arrest is unclear, the response suggests that Petitioner was served with the arrest warrant after he was arrested. (Rodriguez Decl. ¶¶ 4–5). So, while the Court notes that 8 C.F.R. § 1236.1 provides, in relevant part, "[a]t the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest," 8 C.F.R. § 1236.1(b), it does not reach the issue of whether an after-the-fact arrest warrant can justify detention under that regulation.

[2] The Court further notes that while Respondents note Petitioner has one prior conviction, the Government does not rely on Petitioner's criminal history as a basis for detention. (Resp'ts' Letter at 1).

violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.

The writ is provisionally granted. Respondents are directed to effectuate Petitioner's release by **April 13, 2026 at 8:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. Respondents may not use ICE ankle monitors or similar technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: April 13, 2026
Central Islip, New York